The next matter on our calendar is Adam McNiece v. State of Connecticut and the Town of Waterford. A third defendant is on submission. Thank you. Mr. McNiece, you can take the podium. Yes, ma'am. Thank you for the opportunity to be heard, and may it please the court. My name is Adam McNiece. I have requested and been denied a reasonable accommodation under the Americans with Disabilities Act, Title II. The nature of my request was audio hearings. These audio hearings are important because they hold the procedures, practices, and protocols of the judicial system. What's unique is that in November 4th, 2010, Supreme Justice Joette Katz classified these audio recordings as the public domain. It's important to understand that in order for a normal pro se to understand the system, they should have a little opportunity to access the procedures of the system. I've had medical information that's been discerned or whatever, and I'd like to point out that these mini-trials, where they try to disqualify me, are against the nature and intent of the law. It's important for me to be able to understand the machinations of government. And I believe people have the opportunity and the right to understand and obtain the informed consent or the knowledge to get to the informed consent of the elected officials in the town of Waterford. You're able to physically go to these meetings, aren't you? Not every day, and some of these are historic. For example, in Gideon versus Cochran in 1962 it was decided that a pro se was so disadvantaged to be proceeding against a trained lawyer that there was no hope to win. And I want to level that playing field by allowing people like myself to have access to these recordings which have already been- You are arguing that the procedure that Connecticut has, that it has to go to a particular court to get permission to sue the state, is somehow unfair. Is that- Yes, sir, that's a denial of due process because what happens- That's the argument that gets you into a federal court, because the argument about state law is not something we can do something about. But my problem with that argument, which is an interesting one, is this. Did you go, did you try that procedure so that we can know whether that procedure works or is unfair? No, sir, but this case was dismissed at the state level based on sovereign immunity. And I invoked the federal law of ADA, and I ask you to consider the amicus brief by now Senator Blumenthal, who said they wouldn't abrogate reasonable requests. These things are the public domain now, and they should be allowed to all people to understand and bear witness to the procedures of the courts. The basis of this appeal is the fact that the Attorney General for the state of Connecticut misled Judge Shea by saying that I've been afforded these accommodations routinely, and in fact I only had one accommodation, and that was the CD I submitted to you. But to go to your point on the claims commissioner, I found out about it after the fact. And what the claims commissioner is doing is he's cherry picking plaintiffs to realize the ones that they can easily win. Whereas I say that every citizen of Connecticut has a right to a path of supreme justice, which means that every citizen should be able to follow the process through up to and including a writ of certiorary. Mr. McNeice, your time has expired, but you have reserved one minute for rebuttal. We'll hear from the state of Connecticut. Good morning, your honors. My name is Maura Murphy Osborne. I'm an assistant attorney general, and I represent the state of Connecticut and the state of Connecticut defendants. I am not counsel for the claims commissioner. The claims commissioner is a Connecticut entity, but she has separate counsel, but I am arguing on behalf of the claims commissioner today as well. So if there's any questions pertaining to the claims against the claims commissioner, I can respond to those. But I am arguing on behalf of all of the state defendants. In this matter, the plaintiff failed to plausibly allege a violation of Title II of the Americans with Disabilities Act. At the district court level, the plaintiff did not even respond to the motions to dismiss that were filed before Judge Shea. This court has said in following the United States Supreme Court decisions in US v Georgia and has failed to state a Title II claim that the sovereign immunity inquiry is at an end. And this court said that in Mary Jo C and Henrietta D. And so the district court in following that reasoning dismissed the ADA claims against the state defendants because here the plaintiff put forth no evidence of an ADA violation, other than the just threadbare conclusory statements that his rights were violated. And in fact, the only record evidence that was before the district court was evidence that plaintiff had been accommodated and had been provided with audio CDs. So the district court's decision that under Iqbal and Twombly that the plaintiff had failed to make a prima facie case was correct and should be affirmed. Plaintiff is arguing that the Connecticut procedure for allowing for waiving sovereign immunity is so bad that it violates due process. That's the bulk of the argument why he's here. And I'd like to hear an answer with respect to that question. Well, his claim, that's his claim that's targeted towards the Connecticut Claims Commissioner process. And you're saying you're representing them too, aren't you? Yes, I am. So I will answer that. I think the Title II ADA claim is somewhat different. Yes. Because there, there can be an abrogation and you wouldn't need to go to the claims commissioner. But the separate process that the state of Connecticut has for when people who normally, where there has been no, either waiver of sovereign immunity or valid abrogation of sovereign immunity. Sometimes the state of Connecticut lets you sue the state anyway, and then there's a separate- And he says that process is so bad as to violate due process. So what's your answer to that? My answer would be that given his response to you today was that he hasn't availed himself of that process. That the district court properly found that he lacks standing. And the district court's decision that he hadn't, he had conceded that he had not even filed a claim at the claims commissioner. And that's at the supplemental appendix at 53. Yeah, and so you're saying that it isn't on its face so improper that we can take it up without doing that. I mean, we have cases where we say that an Article 78 proceeding in New York is so inadequate to do something that people don't need to go there, but can make a claim about getting back property, there are cases of that sort all the time. You're saying that the Connecticut process is not so manifestly bad that we can take it up without an actual claim having been filed there, that's your argument? Yes, because he hasn't met the Article 3 standing requirement of having shown. We would certainly not say that filing a claim like in your Article 78 hypothetical, that filing a claim with the claims commissioner would be futile in some way. We just don't have any evidence in the record here. So our position is there is absolutely, our claims commissioner process goes above and beyond what we would need to do in this court, so as a matter of logic. Where we have sovereign immunity and where it hasn't been waived or validly abrogated, we give you this other process where sometimes we feel it's appropriate for reasons that are in our statutes, where you may still be allowed to sue the state. So we would respectfully request that the district court's decision be affirmed as to all of the state defendants. Thank you counsel. Thank you. Now we'll hear from the town of Waterford. Good morning, may it please the court. My name is Stephen Murphy. I represent the town of Waterford as the appellee in this appeal. And again, as the state has done, we ask the decision of the federal district court to be upheld. I think at the present stage, this is a frivolous cause of action against the town of Waterford. The town pointed out there were threadbare allegations of the ADA against the state. They're not even threadbare against the town of Waterford. In fact, they incorporate the claims against the state into the paragraph against the town of Waterford. And District Judge Shea indicated that he didn't know whether the claims were against for violation of a Department of Transportation regulations or ADA. And he went that route to claim that it was frivolous and futile to amend. And the plaintiff has nothing to dispute either in his brief argument, reply brief, motion to dismiss at the trial court level to shed any light on the real claims that he has against the town of Waterford. And so we're left here is with a frivolous claim. And why is it frivolous? They're just conclusive allegations, confusing allegations, and compounded again by the lack of briefing. And many courts of appeal, including this one, have held that without an argument, even a pro se plaintiff can waive his claims. And the district court pointed out about the official plausibility lack that his claims have against the town of Waterford. And courts should not be manufacturing claims of error or drafting a complaint even for a pro se plaintiff. And it's not fair to my client, the town of Waterford, to try to discern what he is claiming in his case against us. Well, isn't he asking for minutes of town meetings? The town provides all kinds of minutes or records of any town meeting. Are there records, audio records? I believe that the town does not routinely record every single meeting of every single board or commission, but would do so if asked, which he never asked. You were not asked by Mr. McNeice? Not for the particular meeting that he complained about in a different case in state court. And again, nothing's been flushed out factually in this court of what his claim is in this court. But he has other claims pending in all different states of dismissal, appeal, pending on some claims. But my client's position, and it's not in the record, but he never asked to have a meeting recorded. And they don't routinely record them, but if asked, they would do so. Now, if he asks them and they refuse, then perhaps he could make a claim that could probably go forward at some level. But to date, we don't have anything, and we have nothing to defend ourselves against. And so, I guess that we believe the district court's ruling should be affirmed and the case dismissed. Thank you, counsel. Mr. McNeice. Yes, ma'am. What I'd like to start out with is that the claims commissioner is not a properly constituted court. A properly constituted court has a judge and two adversaries, and it's through the clash of the adversaries that the truth arises. The claims commissioner is, in fact, a lawyer for the state of Connecticut. And like I said, cherry picks, the plaintiffs are the easiest cases to win. I, in fact, have asked for the recordings from the town of Waterford. But have you asked the claims commissioner, because he might have cherry picked in your favor. And if he hadn't, then you would have a claim that this was wrong. But you're asking us to say that it was wrong, even though you haven't asked. And that may be something we're not allowed to do. We're limited in what we can do. And I understand that, but on the face value, a lawyer for the state of Connecticut cannot decide a case. And when he decides against you, there's no right of appeal to come here. There's a separate line of appeal to go to the Connecticut State Legislature, which makes no sense either, because they're mostly lawyers too. So there's no particular judge in this process. It's a Connecticut lawyer, and the lawyers are meant to do for the best for their client, which is the state of Connecticut. There's no impartiality of a judge there. That's why I chose not to participate, because it takes two extra years to get a decision from the claims commissioner. And many times, they're arbitrary and capricious. You did get before Judge Shea, and now you're here before three neutral magistrates. And I'm so thankful too. And again, the basis of the appeal is that they maintained or they insinuated that I got these, and it's finding that I got these accommodations routinely, and that's not the case. I only had one, and it was a dismissal. And I think it's bad form to dismiss a federal law on sovereign immunity. Who is king? Who is the king here? I don't understand. Sovereign immunity is something from before the Constitutional Convention that they held not to keep the people ignorant. In fact, it's our right, and I'm going to refer to our beloved Constitution, Article 4, Section 2, which says that all citizens are entitled to the rights and privileges of other states. And with that, when you look at other states, they freely give the information of these town meetings and any complaints against the town to the people so that they have the informed consent when it comes time to vote. So clearly- And you, it's not so easy to be a non-lawyer in this circumstance. So thank you all. We'll reserve decision. And that is the last case on our calendar. I will ask the clerk to adjourn court. Court is adjourned.